

**IN THE**
**TENTH COURT OF APPEALS**

**No. 10-14-00354-CR**

**JULIAN CHRISTOPHER FERGUSON,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 361st District Court**
**Brazos County, Texas**
**Trial Court No. 11-02212-CRF-361**

**ABATEMENT ORDER**

In this case, appellant, Julian Christopher Ferguson, was convicted of unlawful possession of a controlled substance, marihuana, in an amount greater than five pounds but less than fifty pounds, a third-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(2) (West 2010). As a result of his conviction, Ferguson received an eight-year prison sentence. The trial entered its judgment on November 14, 2014, and on November 19, 2014, Ferguson filed his notice of appeal. In his docketing statement, Ferguson indicated that he had made arrangements to pay for the Reporter's Record and that the

Court Reporter, Felix Thompson, would let "him know what the cost is when it is finished. Reporter declined to give an estimate in advance."

Our records indicate that the Reporter's Record in this case was originally due on January 13, 2015. *See* TEX. R. APP. P. 35.2. Because Thompson did not file the Reporter's Record in this case by January 13, 2015, we sent a letter on January 20, 2015, requesting that Thompson file the record within thirty days. On January 27, 2015, Thompson filed a motion for extension of time, requesting that we extend the filing deadline to February 16, 2015. On February 4, 2015, we granted Thompson's motion and extended the filing deadline to February 17, 2015.

Thereafter, on February 16, 2015, Thompson sent this Court an email stating that he was taking a five-week, non-paid leave of absence from his duties as the official court reporter for the 361st District Court to become current with his appeals records. On March 4, 2015, we acknowledged Thompson's February 16, 2015 email and notified him that the Reporter's Record in this case was overdue. We have not received any written correspondence from Thompson about this case since the February 16, 2015 email. Furthermore, Thompson has yet to file the Reporter's Record in this matter.

It is the joint responsibility of this Court and the trial court to ensure that the appellate record is timely filed. *Id.* at R. 35.3(c). Further, this Court may enter any order necessary to ensure the timely filing of the appellate record. *Id.* Accordingly, we abate this appeal and order the trial court to conduct a hearing within twenty-one days of the date of this abatement order to determine a date certain by when the reporter's record

can be filed in a manner that does not further delay the prosecution of this appeal or have the practical effect of depriving appellant of his right of appeal.

The court reporter is ordered to file a supplemental reporter's record with this Court containing the transcription of the hearing within seven days of the hearing. Further, the district clerk shall file a supplemental clerk's record with this Court containing the trial court's findings and order within seven days of the hearing.

PER CURIAM

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Appeal abated
Order issued and filed July 9, 2015
Do not publish

